UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE ANNUITY, PENSION, WELFARE and
TRAINING FUNDS of the INTERNATIONAL
UNION of OPERATING ENGINEERS, LOCAL
14-14B, AFL-CIO by its TRUSTEES EDWIN L.
CHRISTIAN, CHRIS CONFREY, JOHN CRONIN,
ALFRED GEROSA, JOHN HYERS, DANIEL
NOESGES, DENISE M. RICHARDSON and JOHN
F. O'HARE and JOHN and JANE DOE,
Beneficiaries of the ANNUITY, PENSION,
WELFARE and TRAINING FUNDS of the
INTERNATIONAL UNION of OPERATING
ENGINEERS, LOCAL 14-14B, AFL-CIO,

**ORDER**

09-CV-3231 (ENV) (LB)

Plaintiffs,

-against-

BRIAR CONSTRUCTION CORP.,

Defendant.
-----------------------------------------------------------------x

**VITALIANO, D.J.**

Plaintiffs, the Annuity, Pension, Welfare and Training Funds of the International Union of Operating Engineers Local 14-14B, AFL-CIO, by its trustees and beneficiaries, brought this action against defendant Briar Construction under the Employee Retirement Income Security Act of 1974, alleging that defendant failed to pay contractually required fringe benefit contributions for the period of July 1, 2004 through June 30, 2007.

Defendant was served with the Complaint on August 3, 2009. After defendant failed to appear or otherwise respond to the Complaint, plaintiff moved for default judgment on September 1, 2009. On October 8, 2009, the Court granted plaintiff's motion for default judgment and referred the action to Magistrate Judge Lois Bloom to conduct an inquest.

Following a hearing, Magistrate Judge Bloom issued a Report and Recommendation ("R&R") on January 27, 2010, recommending that judgment be entered against defendant in the amount of $29,491.49, reflecting $18,065.38 in delinquent contributions, $3,895.93 in interest, $3,895.93 in statutory damages, $3,214.25 in attorneys' fees, and $420.00 in costs. No objections to Magistrate Judge Bloom's R&R have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Bloom's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Accordingly, for the reasons stated in the R&R, the plaintiff is awarded $18,065.38 in delinquent contributions, $3,895.93 in interest, $3,895.93 in statutory damages, $3,214.25 in attorneys' fees, and $420.00 in costs, for a total of $29,491.49.

The Clerk is directed to enter Judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
September 29, 2010

ERIC N. VITALIANO
U.S.D.J.